IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NASHA BAXLEY | CIVIL ACTION |
|---|---|
| v. | NO. 20-5512 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | |

**MEMORANDUM RE DEFENDANT'S PARTIAL MOTION TO DISMISS**

**Baylson, J.**                                                                                                        **January 15, 2021**

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Partial Motion to Dismiss Plaintiff Nasha Baxley's Complaint which alleges two claims:

- **Count I**: Breach of contract; and
- **Count II**: Bad faith pursuant to 42 Pa. C.S.A. § 8371.

State Farm seeks dismissal of "any and all claims and allegations of bad faith and/or a lack of good faith made by Plaintiff, including but not limited to paragraphs 23 through 26 and Count II, as well as any claim for punitive damages." For the reasons stated below, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint will be granted without prejudice.

**I.      Facts and Procedural History**

Based on the allegations in Plaintiff Nasha Baxley's Complaint (ECF 1, Compl.), which this Court must accept as true for purposes of Defendant's Motion to Dismiss, the relevant facts are as follows. Ms. Baxley's vehicle was hit from behind by a car driven by David Turner. (Compl. ¶ 7.) Ms. Baxley suffered severe injuries as a result of this accident. (Compl. ¶ 8.) At the time, Ms. Baxley was insured by State Farm and her insurance policy included underinsured motorist benefits in the amount of $100,000.00/$300,000.00. (Compl. ¶ 6.) Mr. Turner was

1

insured by Progressive Insurance Company ("Progressive") with a policy providing for liability limits of $15.000.00/$30,000.00.  (Compl. ¶ 12.)  Progressive paid Mr. Turner's policy limit of $15,000 to Ms. Baxley on September 15, 2020.  (Compl. ¶ 13.)

Ms. Baxley provided State Farm with documentation of her losses including medical bills and other economic losses totaling more than $34,263.47.  (Compl. ¶15.)  Ms. Baxley alleges that State Farm "has refused to and continues to refuse to make bona-fide good faith offers of settlement to the Plaintiff that contemplate those substantiated and verified losses and to the contrary, has made no offer for purposes of resolving Plaintiff's Underinsured Motorist's Claim." (Compl. ¶ 17.)

On November 5, 2020, Ms. Baxley filed this lawsuit against State Farm.  (See Compl.) The complaint alleges two counts: Count I for Breach of Contract and Count II for Bad Faith pursuant to 42 Pa. C.S.A. § 8371.  (See Compl.)  State Farm filed the present Motion to Dismiss on November 18, 2020 (ECF 6, Def. MTD), and Plaintiff filed her opposition on December 2, 2020 (ECF 7, Opp'n).

## II.     Legal Standard

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff has "fail[ed] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "The plausibility standard is not akin to a 'probability requirement.'"  Id.  Factual allegations must be "enough to raise a right to relief above the speculative level," and a "complaint may proceed even

if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678; see also Bell Atl. Corp., 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  It is Defendant's burden to show that a complaint fails to state a claim.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

### III.  Parties' Arguments

Defendant argues that Plaintiff's complaint does not allege sufficient facts to meet the pleading standard under Twombly and Iqbal.  (Def. MTD 9–12.)  It refers to Plaintiff's allegations as "bald and conclusory assertions . . . made without any factual support."  (Def. MTD 9.)  Defendant further argues that the fact that less than two months passed between the resolution of the underlying claim against Mr. Turner and the filing of this law suit contradicts Plaintiff's claim of bad faith.  (Def. MTD 12.)

In response, Plaintiff argues that she has alleged that (1) she promptly provided Defendant with proof of the amount of her damages, (2) Defendant has refused to make a settlement offer, (3) Plaintiff provided additional medical documentation at Defendant's request, and that (4) Defendant has had "ample time to properly evaluate Plaintiff's claim."  (Opp'n 7.)  Thus, Plaintiff asserts that she has demonstrated "in factual terms, not conclusory allegations Defendant failed to properly consider the evidence presented and was unfair in their evaluation of Plaintiff's claims."  (Opp'n 7–8.)

**IV.     Discussion**

Plaintiff alleges bad faith on the part of Defendant within the meaning of 42 Pa. C.S.A. § 8371.  This section "provides a statutory remedy when insurers have acted in bad faith while investigating and reimbursing claims."  Daniel Dietz v. Liberty Mutual Ins. Co., No. 20-1239, 2020 WL 7769933, at *2 (E.D. Pa. Dec. 30, 2020) (Baylson, J.).  In the insurance context, the term "bad faith" includes "any frivolous or unfounded refusal to pay proceeds of policy."  Toy v. Metropolitan Life Ins. Co., 928 A.2d 186, 199 (Pa. 2007).  Allegations of an insurer's "mere negligence or bad judgment" will not suffice to state a claim.  Rancosky v. Wash. Nat'l Ins. Co., 170 A.3d 364, 373 (Pa. 2017) (quoting Terletsky v. Prudential Property & Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).  The Pennsylvania Supreme Court has adopted a two-part test for demonstrating bad faith: "the plaintiff must show (1) that the defendant did not have a reasonable basis for denying benefits under the policy and (2) that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim."  Rancosky, 170 A.3d at 373 (quoting Terletsky, 649 A.2d at 688).  The Third Circuit has noted "the failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith."  Smith v. State Farm Mut. Auto. Ins. Co., 506 Fed. App'x. 133, 137 (3d Cir. 2012).

In Atiyeh v. National Fire Ins. Co. of Hartford, the plaintiff averred that the defendant insurance company had "(1) falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises; (2) unreasonably refused to indemnify plaintiff for his loss; and (3) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis."  742 F. Supp. 2d 591, 599 (E.D. Pa. 2010) (Gardner,

4

J.).  The court found these allegations to be "merely conclusory legal statements and not factual averments" and concluded that such "bare-bones conclusory allegations . . . do not state a plausible bad faith claim."  Id. at 599–600; see also Eley v. State Farm Ins. Co., No. 10-5564, 2011 WL 294031, at *5 (E.D. Pa. Jan. 31, 2011) (Baylson, J.) (dismissing a § 8371 claim alleging only that the insurer had no reasonable basis to deny a claim based on plaintiff's compliance with the conditions of the insurance policy).

In Kelley v. State Farm Fire & Cas. Co., the plaintiff alleged that her insurer "possesse[d] no evidence that [her] losses did not occur and were not substantiated."  No. 19-0626, 2019 WL 2425135, at *3 (E.D. Pa. June 10, 2019) (Baylson, J.).  In support of her argument that her insurer acted in bad faith, the plaintiff only alleged that "the present damage was covered under her insurance policy and that she complied with the policy's terms when seeking coverage, in part by sending written documentation of claimed damages."  Id.  The court relied on the decisions in Eley and Atiyeh to find these allegations to be insufficient for purposes of avoiding dismissal.

Similarly, Plaintiff's allegations here are insufficient.  She has not provided any explanation of how Defendant responded to her claim, or what facts, beyond its failure to pay her claim, indicate bad faith.  The fact that she provided Defendant with supporting documents regarding her claim does not alone indicate bad faith.  Plaintiff has not provided any information regarding Defendant's response to her claim.  She has simply stated that she considers any response on its part to be unsatisfactory.  Because Plaintiff has failed to sufficiently allege facts to support her bad faith claim, this Court will dismiss Count II, without prejudice.  Defendant's Partial Motion to Dismiss seeks dismissal of "any and all claims and allegations of bad faith and/or a lack of good faith made by Plaintiff, including but not limited to paragraphs 23 through 26 and Count II, as well as any claim for punitive damages."  (Def. MTD 2.)  Defendant's arguments in

its Motion to Dismiss only address bad faith pursuant to 42 Pa. C.S.A. § 8371. Therefore, this Court will decline to dismiss any part of Plaintiff's complaint besides Count II.

## V. Conclusion

For the foregoing reasons, Defendant's Partial Motion to Dismiss Count II of Plaintiff's Complaint will be granted without prejudice. An appropriate Order follows.

O:\CIVIL 20\20-5512 Baxley v State Farm\20cv5512 Memorandum re Motion to Dismiss.docx